[Cite as *State v. Loughman*, 2014-Ohio-1667.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RYAN LOUGHMAN | : | Case No. 13CA57 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 2012-CR-0845


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     April 16, 2014


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

JOHN C. NIEFT                   JEFFREY P. UHRICH
38 South Park Street            P.O. Box 1977
Mansfield, OH  44902            Westerville, OH  43086

*Farmer, J.*

{¶1}    On December 7, 2012, the Richland County Grand Jury indicted appellant, Ryan Loughman, on nine counts of burglary in violation of R.C. 2911.12, two counts of attempted burglary in violation of R.C. 2911.12 and 2923.02, and three counts of theft in violation of R.C. 2913.02, one involving drugs and two involving firearms.  On April 22, 2013, appellant pled guilty to all the charges save one of the attempted burglary counts which was subsequently dismissed.  By judgment entry filed June 11, 2013, the trial court sentenced appellant to an aggregate term of fourteen years in prison.

{¶2}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶1}    "THE TRIAL COURT ERRED WHEN IT FAILED TO RECUSE ITSELF OR CONDUCT A HEARING ADDRESSING AS TO WHETHER RECUSAL WAS APPROPRIATE DUE TO THE FACT AN EMPLOYEE OF THE RICHLAND COUNTY COURT OF COMMON PLEAS (NAMELY, A BAILIFF) WAS A VICTIM OF THE CRIMES ALLEGED AGAINST DEFENDANT."

II

{¶2}    "TRIAL COUNSEL FOR DEFENDANT WAS INEFFECTIVE BY FAILING TO RAISE THE ISSUE OF WHETHER THE TRIAL COURT WAS REQUIRED TO DISQUALIFY ITSELF DUE TO THE FACT THAT A COURT EMPLOYEE (IE. A COURT BAILIFF) WAS A VICTIM OF THE CRIMES ALLEGED AGAINST DEFENDANT."

I, II

{¶3}     Appellant claims the trial court erred in failing to recuse itself when a victim of one of the offenses was a court employee, and his counsel was ineffective in failing to request a recusal or file an affidavit of prejudice pursuant to R.C. 2701.03.   We disagree.

{¶4}     The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus.  Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.  (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
>
> 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶5}     There is no evidence in the record to establish that the recusal issue was brought to the trial court's attention.  An error not raised in the trial court must be plain error for an appellate court to reverse.  *State v. Long,* 53 Ohio St.2d 91 (1978); Crim.R.

52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Long.* Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶6} Both standards of review involve a determination of whether the claimed error affected the outcome of the case.

{¶7} The record includes the transcripts from the change of plea hearing (April 22, 2013) and the sentencing hearing (June 10, 2013). Appellant pled guilty to nine counts of burglary, one count of attempted burglary, and three counts of theft, one involving drugs and two involving firearms. During the plea hearing, the trial court stated it did not have a "list of all the various places involved***I have dates, but I don't have identities or addresses." April 22, 2013 T. at 8. When the prosecutor enumerated the various counts, the property owners were not identified. *Id.* at 8-14.

{¶8} During the sentencing hearing, two victims spoke, neither of which were identified as a court employee. June 10, 2013 T. at 11-14. The trial court awarded specific restitution to specific victims (*Id.* at 17):

THE COURT: All right. What I sentence you to in this case then is restitution in the amount of twelve hundred dollars to Howard and Mary Stottts; a thousand dollars to Jonathan Hill; twenty-three hundred dollars to Heather Hill; forty-two hundred and forty-four dollars to Lisa Morrelli; sixteen hundred dollars to Joy Smith; five hundred and forty dollars to

Marilyn Robinson; thirty-five hundred and twenty-five dollars to Laura Robinson; five hundred dollars to Heather Richmond; five thousand and seventy-four dollars and ninety-nine cents to Linda McFarland.***There is a two hundred and fifty dollar restitution to Lucinda and Robert Powers.

{¶9} There is no evidence identifying any of these victims as a court employee. In his brief at 4, appellant admits "the record is silent as to the identity of the court bailiff." Appellant then argues "the fact that a court employee was a victim of the crimes alleged***should have been apparent to the trial court at some point in the proceedings." Appellant admits the record is silent as to the identity of the court bailiff, yet the trial court is somehow supposed to know a court employee was one of the victims?

{¶10} The record fails to establish any error or resulting prejudice to appellant. The record establishes the trial court did not know the identity of the victims at the plea hearing, and there is no evidence that the trial court gave a specific financial award to a court employee at sentencing.

{¶11} We find no specific violation of the Ohio Code of Judicial Conduct, and the record does not support the argument that if an affidavit had been filed pursuant to R.C. 2701.03, it would have been granted.

{¶12} Assignments of Error I and II are denied.

{¶13}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

SGF/sg 403